IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAY SHANNON CROCKETT,

    Plaintiff,

v.                                                                                        CV 17-0955 JHR

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Clay Shannon Crockett's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum, [Doc. 20], filed March 28, 2018. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned to conduct dispositive proceedings in this matter, including the entry of final judgment. [Docs. 4, 10, 11]. Having studied the parties' positions, the relevant law, and the relevant portions of the Administrative Record ("*AR*"),[1] the Court grants Mr. Crockett's Motion and remands this case for further administrative fact finding, for the reasons set forth below.

    **I)**         **INTRODUCTION**

To be considered disabled under the Social Security Act, a claimant seeking supplemental security income benefits must demonstrate that he is unable to return to his past work. *See* 42 U.S.C. § 1382c(a)(3)(B). If he does so, the burden shifts to the Administration to prove that he can still perform work that exists in "significant numbers" in the national economy. *See Raymond v.*

---

[1] Documents 15 and 15-1 comprise the sealed Administrative Record. The Court cites to the Record's internal pagination, rather than CM/ECF document and page number.

*Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). To meet this burden, the Administration must prove the existence of jobs that the claimant can do despite his impairments and establish that those jobs exist in "significant numbers." *See Chavez v. Barnhart*, 126 F. App'x 434, 436 (10th Cir. 2005) (unpublished). Failure to prove both renders the Administration's denial of benefits unsupported by substantial evidence.

The Tenth Circuit "has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number[.]'" *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). Instead, the *Trimiar* court set forth "several factors [that] go into the proper evaluation of significant numbers." *Id.* In the absence of a discussion of these factors, the Court should not supply the missing factual finding – that the number of jobs identified by the administration is "significant" in a particular case. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). That said, the Tenth Circuit has applied the principle of harmless error to affirm the failure of the Administration to assess the *Trimiar* factors in cases involving as few as 152,000 jobs. *See Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished). Unfortunately for the Administration, the number of jobs it identified by the Administrative Law Judge in this case (6,400) is significantly lower than 152,000.

This is not the first time this Court has been faced with a "relatively small" number of jobs. *See Brandenburg v. Berryhill*, CV 17-0507 JB/JHR, Doc. 27 (D.N.M. May 25, 2018), *report and recommendation adopted*, 2018 WL 3062591 (D.N.M. June 21, 2018) (5,200 jobs). As such, the Court finds itself bound by the principles of both horizontal and vertical stare decisis, insofar as it must follow the Tenth Circuit's legal holdings and its own application of those holdings in *Brandenburg*. *See* Black's Law Dictionary, 710 (Fourth Pocket Ed. 2011). "Stare decisis is the preferred course because it promotes the evenhanded, predictable, and consistent development of

legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Janus v. Am. Fed'n of State, County, & Mun. Employees, Council 31*, 138 S. Ct. 2448, 2478 (2018) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827 (1991). Accordingly, for the reasons stated in *Brandenburg*, reiterated and applied to this case below, the Court will grant Mr. Crockett's Motion to remand his case to the Administration for further review.

II) **BACKGROUND**

Mr. Crockett filed an application with the Social Security Administration for supplemental security income benefits under Title XVI of the Social Security Act on November 19, 2013. *AR* at 193-196. As grounds, Mr. Crockett alleged "back problems, disc rupture, PTSD, ADHD [and] reading problems." *AR* at 211. Mr. Crockett alleged that his conditions became severe enough to keep him from working on January 1, 2013. *AR* at 211. The Administration denied Mr. Crockett's claim initially and upon reconsideration, and he requested a *de novo* hearing before an administrative law judge ("ALJ"). *AR* at 74-118.

ALJ Raul Pardo held an evidentiary hearing on August 11, 2016. *AR* at 39-73. On October 7, 2016, the ALJ issued an unfavorable decision, finding that Mr. Crockett has not been under a disability from the date his application was filed through the date of his decision. *AR* at 12-28. In response, Mr. Crockett filed a "Request for Review of Hearing Decision/Order" on November 9, 2016. *AR* at 189-191. After reviewing his case, the Appeals Council denied Mr. Crockett's request for review on July 26, 2017. *AR* at 1-6. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court now has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 416.920(a)(4).[2]

At Step One of the sequential evaluation process, the ALJ found that Mr. Crockett has not engaged in substantial gainful activity since his application date. *AR* at 17. At Step Two, he determined that Mr. Crockett has the severe impairments of "degenerative disc disease of the lumbar spine, posttraumatic stress disorder (PTSD), fibromyalgia, and attention deficit hyperactivity disorder (ADHD)[.]" *AR* at 17. At Step Three, the ALJ concluded that Mr. Crockett's impairments, individually and in combination, do not meet or medically equal the regulatory "listings." *AR* at 17-19. Mr. Crockett does not challenge these findings on appeal. [*See* Doc. 20].

When a claimant does not meet a listed impairment, the ALJ must determine his residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. "RFC is not the *least* an individual can do despite his or her limitations or

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):
> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Mr. Crockett retains the RFC to:

> perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally stoop and can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. He is able to perform simple, routine tasks and can respond appropriately to the public on an occasional basis. Time off-task can be accommodated by normal breaks.

*AR* at 19.

Employing this RFC at Steps Four and Five, and relying on the testimony of a Vocational Expert, the ALJ determined that Mr. Crockett cannot return to his past relevant work as a construction worker, asbestos removal worker, or welder helper. *AR* at 22. However, the ALJ found that there are jobs that exist in "significant numbers" in the national economy that Mr. Crockett can perform despite his limitations. *AR* at 23. Specifically, the ALJ determined that Mr. Crockett retains the functional capacity to work as a stuffer or table worker, with a combined 6,400 jobs nationally, despite his impairments. *AR* at 23. Accordingly, the ALJ determined that Mr. Crockett is not disabled as defined in the Social Security Act and denied benefits. *AR* at 23.

### III) LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). Importantly, the Court cannot "presume to interpose [its] judgment for that of the ALJ." *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992).

## IV) ANALYSIS

In addition to the issue of whether the number of jobs at issue in this case were "significant," Mr. Crockett raises a number of issues related to the ALJ's RFC finding. [*See generally* Doc. 20]. Because the Court agrees that the ALJ erred by failing to make a factual finding of whether or not the jobs at issue were "significant" in his case, it will not address Mr. Crockett's other claims of error, "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bryant v. Commissioner, SSA*, No. 18-4040, 2018 WL 6133387, at *5 (10th Cir. Nov. 23, 2018) (citing *Watkins* for this proposition).

> The pertinent statute defines disability as follows:
>
> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" *means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.*

42 U.S.C. § 1382c(a)(3)(B) (emphasis added). The pertinent regulations echo the statutory language. *See* 20 C.F.R. § 416.966(a). As such, the Tenth Circuit has held that "the controlling statutes, federal regulations, and case law all indicate that the proper focus generally must be on jobs in the national, not regional, economy." *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009); *see Knott v. Califano*, 559 F.2d 279, 282 (5th Cir. 1977) ("[T]he relevant job area is not confined to the claimant's locality."). In fact, the pertinent regulations and case law state "[w]e will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain

unemployed because of … (2) Lack of work in your local area[.]" 20 C.F.R. § 416.966(c); *Raymond*, 621 F.3d at 1274 ("[T]he Commissioner is not required to show that job opportunities exist within the local area.") (quoting *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999)). However, it must be remembered that these same regulations state:

> Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. *Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered "work which exists in the national economy". We will not deny you disability benefits on the basis of the existence of these kinds of jobs.* If work that you can do does not exist in the national economy, we will determine that you are disabled. However, if work that you can do does exist in the national economy, we will determine that you are not disabled.

20 C.F.R. § 416.966(b) (emphasis added). As such, while the ALJ was not required to show that there were a significant number of jobs in Mr. Crockett's region, he was required to show that the national jobs he identified were not isolated as a matter of fact. In other words, the ALJ was required to determine whether or not 6,400 jobs is a significant number as applied to "several regions of the country." *See Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 528 (9th Cir. 2014) (assessing the "nationwide figure in the context of 'several regions of the country.'") (citing *Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012)); *see Beltran*, 700 F.3d at 390 ("Although 1,680 jobs might seem a 'significant number' standing alone, distributing these jobs between several regions across the nation shows that it is not 'significant' after all.").

As stated above, the Tenth Circuit "has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number[.]'" *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). While the court has suggested that "the number appears to be somewhere between 100 . . . and 152,000[,]" *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016), it has made clear that "each case should be evaluated on its individual merits," *Trimiar*, 966 F.2d at 1330, unless

7

harmless error applies. *See Evans*, 640 F. App'x at 736. In *Trimiar*, the Tenth Circuit adopted several factors that an ALJ "should consider . . . in determining whether work exists in significant numbers." *Id.* These factors include: "the level of the claimant's disability; the reliability of the vocational expert's testimony; the distance the claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the type and availability of such work, and so on." *Id.* (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988), in turn quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988)). "The decision should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.*

As the Sixth Circuit has said, "[d]isability insurance . . . is not available to fund a claimant's decision to live far from his job." *Taskila v. Commissioner of Social Security*, 819 F. 3d 902, 905 (6th Cir. 2016) (quoting *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999)). However, an ALJ must consider the "intrinsic" effects of a claimant's impairments when determining whether a certain number of jobs is "significant," "because they prevent the claimant from *accessing* certain jobs in the local or national economy." *Taskila*, 819 F.3d at 906. "That an ALJ must tailor the determination of what is significant to the facts of each claimant's case is why we have said that ALJs 'should consider many criteria in determining whether work exists in significant numbers.'" *Id.* (quoting *Hall v. Bowen*, 837 F.2d at 275).

The factors borrowed from the Sixth Circuit in *Trimiar* do not apply when the number of available jobs is "much larger" than the 650 to 900 regional jobs at issue there. *See Raymond*, 621 F.3d at 1274 n.2; *see also Harmon*, 168 F.3d at 292 ("Certainly 700,000 jobs, with no indication of gross concentration in a few areas, is a 'significant number of jobs in the national economy."); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (discussing the principles of harmless error and stating that "[s]uch an approach might have been open to us here had the number of

8

available jobs identified by the VE not been one hundred but considerably greater."). However, the Tenth Circuit, like the Sixth Circuit, has never drawn a line delineating how much "much larger" is. *Taskila*, 819 F.3d at 906.

The Commissioner points to the unpublished case of *Rogers v. Astrue*, 312 F. App'x 138, 141 (10th Cir. 2009), as an example where the Tenth Circuit affirmed 11,000 national jobs as being "significant." [*See* Doc. 22, p. 23]. The Court is not convinced by this citation for two reasons. First, as Mr. Crockett argues, "the claimant in *Rogers* did not argue that 11,000 was not a significant number[.]" [Doc. 23, p. 12]. Thus, the Tenth Circuit's decision did not address the issue. Second, in the only Tenth Circuit case the Court is aware of to have addressed *Rogers*, *Evans v. Colvin*, does not rely upon it to establish the minimum number of jobs to be enough for harmless error. *See Evans*, 640 F. App'x at 736 ("As *Trimiar* pointed out, there is no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant, but the number appears to be somewhere between 100, the number of jobs in *Allen* that we refused to consider significant for harmless-error purposes, and 152,000, the lowest number of jobs we have considered (in *Stokes* ) to be sufficient so far for application of harmless error."). Put another way, the Commissioner has given this Court no reason to rely on *Rogers* when the Tenth Circuit was unwilling to do so. Moreover, even if the Court were to accept *Rogers* as controlling, the number of jobs at issue was still almost twice that in this case.

Ultimately, as in *Brandenburg*, the Court is hesitant to find that 6,400 national jobs are "significant" as a matter of law. *See* CV 17-0507 JB/JHR, Doc. 27, p. 8. In that case the Court held that the ALJ was required to engage in a *Trimiar* analysis to determine whether the number of jobs there (5,200 nationally) was significant as a matter of fact as applied to Ms. Brandenburg. *See id.* (citing *Taskila*, 819 F.3d at 905, for the proposition that it is "impossible to determine the number

of jobs that is 'significant' enough—without taking into account [the claimant's] individual circumstances."). As the Tenth Circuit stated, "each case should be evaluated on its individual merits." *Trimiar*, 966 F.2d at 1330.

The Court is not convinced that the ALJ engaged in a discussion of the *Trimiar* factors in this case, *see AR* at 22-23, and the Commissioner does not argue otherwise. [*See generally* Doc. 22, pp. 22-23]. Instead, the Commissioner argues that "Agency policy does not dictate what number of jobs may or may not be significant in a particular case. A determination as to what is significant is instead left to the ALJ, weighing the statutory language and applying it to the particular facts." [*Id.*, p. 22 (citing *Trimiar*, 966 F.2d at 1330). The Court agrees with this statement in principle; however, it finds that *Trimiar*'s factors, which the Commissioner and the ALJ ignore, are still applicable in cases like this, where the number of jobs identified on the national level is relatively low. Therefore, "because the ALJ failed to evaluate the *Trimiar* factors and make specific factual findings regarding the numerical significance requirement, [the Court] cannot properly review this issue." *Rhodes v. Barnhart*, 117 F. App'x 622, 532 (10th Cir. 2004) (unpublished). As the Tenth Circuit has stated:

> *Trimiar's* insistence on an antecedent exercise of judgment by the ALJ is not novel. On the contrary, it is consistent with, if not compelled by, our broader recognition that as a court acting within the confines of its administrative review authority, we are empowered only to review the ALJ's decision for substantial evidence and … we are not in a position to draw factual conclusions on behalf of the ALJ.

*Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (quotations omitted). Absent the proper analysis by the ALJ, this Court cannot confidently say that 6,400 jobs, spread across several regions of the country, are significant as a matter of fact, and the Court declines the Commissioner's invitation to find them significant as a matter of law.

## V) CONCLUSION

Until the Administration or a higher court draws a definitive line establishing the number of national jobs that is "significant" as a matter of law, Administrative Law Judges in this circuit must adhere to the principles set forth in *Trimiar* and engage in the factoral analysis it sets forth when the number of national jobs at issue is significantly lower than 152,000. Because the ALJ did not comply with *Trimiar* here, the Court must reverse and remand this case for further proceedings.

Wherefore, IT IS THEREFORE ORDERED that Plaintiff Clay Shannon Crockett's Motion to Reverse and Remand for Rehearing [Doc. 20] is GRANTED and the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this decision.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent